**DICKINSON WRIGHT PLLC**
CHRISOPHER A. MITCHELL, ESQ.
200 Ottawa Ave., N.W.
Suite 900
Grand Rapids, MI, 49503-2427
Tel.: (616) 336-1058
CMitchell@dickinson-wright.com

*Attorneys for Plaintiff YM INC. (Sales)*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| YM INC. (Sales), a Canadian Corporation,<br><br>*Plaintiff*<br><br>*v.*<br><br>DOES 1 through X, d/b/a The Wet Seal<br><br>*Defendants* | CASE NO.  1:25-cv-1829<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND CYBERSQUATTING**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff YM Inc. (Sales), ("Plaintiff" or "YM"), by and through its counsel DICKINSON WRIGHT PLLC, files this Complaint against the one or more unknown Defendant DOES 1 through X, doing business as The Wet Seal via the online e-commerce website www.thewetseal.com ("DOES 1 through X" or "Defendant(s)"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement, false designation of origin and cybersquatting under the Lanham Act, 15 U.S.C. § 1114, 1125(a), 1125(d). Upon information and belief, Defendant(s) are marketing and selling clothing under the WET SEAL trademark, including via an online e-commerce website at the URL www.thewetseal.com utilizing the WET SEAL trademark, all in violation of Plaintiff's valid and subsisting rights in the WET SEAL trademark and associated U.S. trademark registrations.

1

## THE PARTIES

2. YM is a Canadian corporation organized under the laws of Canada and having its principal place of business at 50 Dufflaw Road, Toronto, Ontario, M6A 2W1.

3. Upon information and belief, Defendant(s) DOES 1 through X are one or more foreign (non-United States) individuals and/or entities.

4. Upon information and belief, Defendant(s) market, advertise, offer for sale, and sell clothing products in the United States, including this judicial district, through the website located at www.thewetseal.com (the "Website"). The Website and the clothing products offered for sale and sold through the Website utilize the WET SEAL trademark.

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this matter pursuant to 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331, 1338, and 1367, because this action presents questions arising under the trademark laws of the United States to which Congress has granted exclusive subject-matter jurisdiction to the federal courts.

6. This Court has personal jurisdiction over Defendant(s) because they have transacted business in Michigan by, among other things, the acts of advertising, displaying, and offering for sale the clothing products via the Website that is accessible in this District.

7. For example, upon information and belief, Defendant(s) offer to sell, sell, distribute, and/or ship the WET SEAL-branded clothing products to customers located in the United States and this judicial district. Defendant(s) facilitates the sale of these products on and through the Website.

8. As a result, Defendant(s) have directly, jointly, contributorily, and/or by inducement, through a coordinated distribution network, placed the WET SEAL branded clothing products in the stream of commerce through a WET SEAL-branded online e-commerce website (i.e., the Website) with the knowledge and/or understanding that the Website will be accessible to customers and potential customers in, and that such products will be sold and used in, this judicial district.

9. In addition, this Court has personal jurisdiction over Defendant(s) because, upon information and belief, Defendant(s) knowingly and actively engaged in acts that have infringed and will infringe and/or contribute, induce, aid, and/or abet the direct infringement of Plaintiff's asserted trademarks in this judicial district. It is therefore reasonable and fair for this Court to exercise personal jurisdiction over Defendant(s) in this case.

10. Venue over Defendant(s) is appropriate in this judicial district under at least 28 U.S.C. §§ 1391(c) at least because, on information and belief, Defendant(s) are one or more foreign individuals and/or entities residing outside of the United States over whom this Court's exercise of personal jurisdiction is proper.

**FACTUAL BACKGROUND**

11. Plaintiff is a leading fast-fashion retailer, having operated for almost 50 years in the business of selling clothing and accessories at over 650 stores across North America and online under numerous trademarks.

12. Plaintiff's trademarks include, among others, the famous clothing brands CHARLOTTE RUSSE, RUE 21, and WET SEAL.

13. The WET SEAL trademarks for clothing and retail clothing store services have been in use in commerce in the United States since at least as early as 1963, including by Plaintiff's predecessors-in-interest.

14. Plaintiff is the successor-in-interest to the WET SEAL trademarks, having acquired all rights in and to those trademarks in 2021.

15. Plaintiff promotes and sells WET SEAL clothing products through its retail stores and online, including through the website www.wetsealapparel.com and via the Amazon.com e-commerce site.

16. The WET SEAL trademarks are inherently distinctive.

17. Through longstanding use and promotion, including through Plaintiff's predecessors-in-interest, the WET SEAL trademarks have become famous and acquired significant goodwill and consumer recognition.

18.     Plaintiff owns nearly one hundred United States trademark registrations and applications for a variety of trademarks used in connection with its products and services. As mentioned above, at issue in this case are Plaintiff's WET SEAL trademarks, including as registered (the WET SEAL Marks). *Inter alia*, the WET SEAL Marks are the subject of the following valid and subsisting United States trademark registrations, for which Plaintiff is the owner of record:

- Reg. 8005260, for the word mark WET SEAL, for cosmetic accessories, namely, cosmetic brushes, sponges for application of make-up.
- Reg. 2241292, for the word mark WET SEAL, for computer on-line ordering services in the field of men's, women's and children's clothing, footwear, hats and accessories.
- Reg. 1508250, for the word mark WET SEAL, for computer on-line ordering services in the field of men's, women's and children's clothing, footwear, hats and accessories clothing for women, namely, pants, blouses, sweaters, shirts, shorts, skirts, dresses, suits, jackets, swimwear, coats, belts, scarves, underwear, pantyhose, and retail store services for sale of women's clothing and accessories.

19.     One of the trademarks widely and prominently used by Plaintiff's predecessors-in-interest for the WET SEAL-branded clothing and retail services is the design-form as shown below:

*wet seal*

20.     Plaintiff became aware of Defendant(s) use of the WET SEAL trademark through the Website, which, as noted, makes use of the WET SEAL trademark in connection with clothing and the retail clothing store services (via the Website).

21. The Website makes prominent use of the WET SEAL trademark in connection with the sale and offer for sale of clothing products, as shown in the images below[1]:

[Screenshot of thewetseal.com homepage showing "wet seal" logo, navigation (HOME, PRODUCTS, ABOUT US, NEWS, CONTACT), banner "Don't miss our holiday offer - up to 50% OFF!", hero image of person in knit sweater with text "The Wet Seal A Legacy, Reinvented. Discover high-quality, trend-setting fashion inspired by the brand you loved now with a fresh identity and modern edge.", features "Top Brands, High Quality, Free Delivery", "EXPLORE SHOP" button, and footer icons for "Secure Payment 100% Secure Payment" and "30 Days Return If goods have problems".]

---

[1] From the websites: www.thewetseal.com and www.thewetseal.com/products, both accessed 3 November 2025.





22.     The Website is intended to copy and trade on the goodwill of Plaintiff's WET SEAL Marks. For instance, as shown in the excerpted images above, the Website makes use of the WET SEAL trademark, including in the stylized form described at Paragraph 19. Defendant(s)

WET SEAL trademark is identical to the WET SEAL Marks and is used on the same products and services; namely, clothing and clothing store services.

23. Furthermore, the Website explicitly states an association with Plaintiff's WET SEAL Marks and brand:

> "Discover high-quality, trend-setting fashion inspired by the brand you loved now with a fresh identity and modern edge."
>
> See www.thewetseal.com

24. Moreover, Defendant(s) offer customers of the Website a discount for holders of gift cards issued by Plaintiff or its predecessors-in-interest to the WET SEAL Marks:

> "We hold great respect for Wet Seal customers and understand some of you may still possess Wet Seal gift cards. Although we cannot offer a direct reimbursement for these cards due to our independent operation from the original Wet Seal, we're excited to extend a special offer. If you have Wet Seal gift cards and are interested in exploring our products, please email us at sales@thewetseal.com. In return, we'll provide you with a 20% off coupon code to use on our website. It's our way of welcoming you to the new Wet Seal experience."
>
> See www.thewetseal.com

25. Defendant(s) are on constructive notice of the WET SEAL Marks since no later than the October 11, 1988, registration date of the earliest of the United States trademark registrations recited above in Paragraph 18.

## COUNT I
### (Trademark Infringement—15 U.S.C. § 1114)

26. Plaintiff YM hereby incorporates by reference each and every one of the preceding allegations as if set forth fully herein.

27. Without Plaintiff's authorization, license, or consent, Defendant(s) knowingly used and continue to use in commerce the WET SEAL trademark in connection with the adverting, promoting, offering to sell, and selling in the United States of clothing products through the



Website. Moreover, it is evident that Defendant(s) used the WET SEAL trademarks with full knowledge of, and an intent to call to mind and create a likelihood of confusion with regard to, and/or trade off the fame and goodwill in the WET SEAL Marks.

28. Defendant(s) use of the WET SEAL trademark as recited herein is likely to: (A) confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant(s) and Plaintiff and/or their respective products and services; and (B) is likely to cause such people to believe in error that Defendant(s) products and/or services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff or that the Defendant(s) products and/or services are in some way affiliated with Plaintiff.

29. Plaintiff has no control over Defendant(s) use of the WET SEAL trademark in connection with its products and/or services. Therefore, Plaintiff's reputation and goodwill have been and continue to be damaged—and the value of the WET SEAL Marks jeopardized—by Defendant(s) continued use of the WET SEAL trademark and colorable imitations thereof. Because of the likelihood of confusion between the Defendant(s) products and/or services and the WET SEAL Marks, any defects, objections, or faults found with the Defendant(s) products and/or services will negatively reflect upon and injure the exceptional reputation that has been established for the products and services offered under the WET SEAL Marks. As such, Defendant(s) is liable to Plaintiff for infringement of the WET SEAL Marks under 15 U.S.C. § 1114.

30. Defendant(s) acts alleged herein have caused—and if not enjoined, will continue to cause—irreparable and continuing harm to Plaintiff's WET SEAL Marks, business, reputation, and goodwill. Plaintiff has no adequate remedy at law, as monetary damages are inadequate to compensate Plaintiff for the injuries caused by Defendant(s) to Plaintiff's trademarks, business, reputation, and goodwill.

31. As a direct and proximate result of Defendant(s) conduct, Plaintiff has suffered and continues to suffer damages to its valuable WET SEAL Marks, plus other damages in an amount to be proven at trial.

32. Defendant(s) infringement of Plaintiff's WET SEAL Marks is deliberate, willful, fraudulent, and without any extenuating circumstances, and constitutes a knowing use of the WET SEAL Marks, and an exceptional case within the meaning of 15 U.S.C. § 1117(a).

33. Plaintiff is entitled to preliminary and permanent injunctive relief. Plaintiff is likewise entitled to an award of Defendant(s) profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1114, 1116, and 1117.

### COUNT II
### (False Designation of Origin—15 U.S.C. § 1125(a))

34. Plaintiff YM hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35. Defendant(s) conduct as alleged herein violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The WET SEAL Marks are federally registered and are entitled to protection under both federal and common law. The WET SEAL trademarks are inherently distinctive, and through extensive use, including by Plaintiff's predecessors-in-interest, have become a well-known indicator of the origin and quality of clothing, clothing stores, and related products and services.

36. Defendant(s) unauthorized use of the WET SEAL trademark as described herein constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant(s) products and services, or as to the affiliation, association, or connection of Defendant(s) with Plaintiff.

37. Defendant(s) use of the WET SEAL trademark as described herein has caused, and unless enjoined, will continue to cause substantial and irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with the WET SEAL Marks.

38. On information and belief, Defendant(s) use of the WET SEAL trademark as described herein has been intentional and willful. Defendant(s) bad faith is evidenced at least by

their use of marks identical to the WET SEAL Marks and their intentional reference to the WET SEAL Marks and associated goodwill owned by Plaintiff. Plaintiff is therefore entitled to injunctive relief, and Plaintiff is also entitled to recover Defendant(s) profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees under 15 U.S.C. §§ 1125(a), 1116, and 1117.

### COUNT III
### (Cybersquatting—15 U.S.C. § 1125(d))

39. Plaintiff YM hereby realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

40. At the time the Website was registered, Plaintiff's WET SEAL Marks were distinctive.

41. The Website domain name registered and/or used by Defendant is confusingly similar to the WET SEAL Marks.

42. The Website domain name registered and/or used by Defendant(s) is confusingly similar to the domain name www.wetsealapparel.com registered by Plaintiff.

43. On information and belief, Defendant(s) registered the Website domain name with a bad faith intent to profit from the WET SEAL Marks.

44. On information and belief, Defendant(s) are using, and have used, the Website domain name with a bad faith intent to profit from the goodwill represented by the WET SEAL Marks.

45. On information and belief, Defendant(s) registered and/or used the Website domain name with the intent to divert Plaintiff's customers or potential customers to Defendant(s) for their own commercial gain by creating a likelihood of confusion as to the source, sponsorship, affiliation or endorsement of the Website.

46. Defendant(s) registration and/or use of the Website domain name violates 15 U.S.C. § 1125(d).

47. Defendant(s) acts have damage, and will continue to damage, Plaintiff's business, reputation and goodwill, and have interfered, and will continue to interfere, with Plaintiff's use of the WET SEAL Marks, the domain name www.wetsealapparel.com, and the sale of products and services in connection with the WET SEAL Marks.

48. Defendant(s) caused, and unless enjoined, will continue to cause, irreparable harm and injury to Plaintiff for which there is no adequate remedy at law.

49. Pursuant to 15 U.S.C. § 1116, Defendant(s) should be permanently enjoined from using, registering or maintaining Website domain name, or seeking, maintain or renewing any domain name incorporating the WET SEAL trademark or any other name likely to cause confusion, mistake or deception with the Plaintiff's registered WET SEAL Marks.

50. Pursuant to 15 U.S.C. § 1116, Defendant(s) should be directed to transfer to Plaintiff the Website domain name.

51. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to recover from Defendant(s):

- All profits received by Defendant(s) from its use of the Website domain name or variants thereof;
- Damages sustained by Plaintiff due to Defendant's use of the Website domain name;
- At Plaintiff's election, and in lieu of profits and actual damages, statutory damages of up to $100,000, but not less than $1,000; and
- All costs of this action, including attorneys' fees.



**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff YM respectfully prays for:

A. Judgment that Defendant(s) have: (i) infringed the WET SEAL Marks in violation of 15 U.S.C. § 1114; (ii) used false designations of origin and/or engaged in unfair competition in violation of 15 U.S.C. § 1125(a); and (iii) unlawfully "cybersquatted" in violation of 15 U.S.C. § 1125(d); and (iv) that each of the acts was a willful violation.

B. A preliminary and permanent injunction against further infringement, false designation of origin, unfair competition, and/or cybersquatting directed against the WET SEAL Marks, by Defendant(s), and each of their agents, servants, employees, attorneys, and all others in active concert or participation with any of them;

C. An order from the Court demanding the Website hosts take down the infringing Website and that ownership of the Website be transferred to Plaintiff;

D. A finding that this is an exceptional case within the meaning of 15 § U.S.C. 1117(a);

E. An award of damages adequate to compensate Plaintiff for the trademark infringements that have occurred under 15 U.S.C. § 1117(a), which amount shall include Defendant(s) profits, Plaintiff's damages, and the costs of the action;

F. A finding that Defendant(s) complained-of conduct was intentional, willful, and with knowledge that their use of the WET SEAL trademark was as a counterfeit, and an award of treble damages, pursuant to 15 § U.S.C. 1117(b);

G. At Plaintiff's election under 15 U.S.C. § 1117(c) and/or (d), statutory damages; and

H. Such other and further relief as this Court deems just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff hereby demands a trial by jury in this action.

Dated:  December 18, 2025                    Respectfully submitted,

                                         By:     s/Chris Mitchell
                                                 **DICKINSON WRIGHT PLLC**
                                                 CHRISTOPHER A. MITCHELL, ESQ.
                                                 200 Ottawa Ave., N.W.
                                                 Suite 900
                                                 Grand Rapids, MI, 49503-2427
                                                 Tel.: (616) 336-1058
                                                 CMitchell@dickinson-wright.com

                                                 *Attorneys for Plaintiff YM INC. (Sales)*